UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff. | ) ) | No. 3:18-CR-06-GFVT-HAI-1 |
| v. | ) ) ) | |
| CHESLEY PAUL PEYTON, | ) ) | RECOMMENDED DISPOSITION |
| Defendant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal prisoner Chesley Paul Peyton, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate his sentence. D.E. 68; D.E. 71. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Having reviewed the motion in detail, it appears that the motion is time-barred.

On November 28, 2018, Peyton pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* D.E. 1 (Indictment); D.E. 29 (rearraignment minutes). The United State Probation Office subsequently issued the Presentence Investigation Report, which indicated that the armed career criminal enhancement under 18 U.S.C. § 924(e) should be applied to Peyton's sentence based on at least three prior convictions for serious drug offenses. D.E. 53 at 5, 26 (Presentence Investigation Report). Specifically, Peyton was convicted in Anderson County Circuit Court (case # 02-CR-105) of three charges of trafficking in a controlled substance (1st degree). *Id.* at 26.

On July 29, 2019, District Judge Van Tatenhove entered a judgment against Peyton for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). D.E. 48. He was sentenced to 180 months of imprisonment, which was the minimum given the armed career criminal enhancement. *Id.* at 2. Peyton appealed, and the Sixth Circuit affirmed the judgment of the District Court on October 13, 2020. D.E. 49; D.E. 64. Peyton did not petition for a writ of certiorari in the Supreme Court of the United States.

The critical issue at this juncture is whether the § 2255 motion was timely filed. A one-year period of limitation applies to habeas motions by federal prisoners. 28 U.S.C. § 2255(f). The statute provides that the limitation period begins to run from the latest of four specified dates, two of which appear relevant here: when the judgment becomes final or "when the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(1), (3).

As noted, the Sixth Circuit's opinion affirming Peyton's conviction and sentence was entered October 13, 2020. D.E. 64. Supreme Court Rule 13 permits defendants to petition for a writ of certiorari within 90 days "from the date of entry of the judgment or order sought to be reviewed." Sup. Ct. R. 13.3. Peyton's deadline to petition for a writ of certiorari thus expired 90 days after entry of the Sixth Circuit's order: January 11, 2021. This is the date upon which his conviction became final and his one-year habeas statute of limitations began to run. § 2255(f)(1). Thus, under § 2255(f)(1), Peyton was required to file his motion on or before January 11, 2022. His motion, filed in March 2023, is untimely under subsection (f)(1).

However, Peyton argues that his claims of actual innocence of the armed career criminal enhancement justify equitable tolling. D.E. 71 at 15. Peyton also appears to argue that §

2255(f)(3) applies due to intervening changes in the law. *Id.* For the reasons explained below, Peyton's arguments are unavailing.

The statute of limitations is not jurisdictional; equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Courts apply equitable tolling "sparingly," and the burden is on the petitioner to prove its applicability. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). The Sixth Circuit has held that "constitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005); *see also Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). Obtaining this sort of tolling requires the petitioner to produce:

> new facts [that] raise sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial. To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. . . . [T]he actual innocence exception should remain rare and only be applied in the extraordinary case.

*Souter*, 395 F.3d at 590 (citations and quotation marks omitted).

However, some courts in this Circuit have held that *Souter's* actual-innocence exception does not apply when the petitioner pleaded guilty. *Jones v. Brewer*, No. 19-13731, 2020 WL 1188881, at *4 (E.D. Mich. Mar. 12, 2020) ("Petitioner's guilty plea belies an actual innocence claim."); *Carter v. Horton*, No. 2:18-CV-12287, 2019 WL 3997149, at *5 (E.D. Mich. Aug. 23, 2019) ("Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable here in light of Petitioner's guilty plea"), *certificate of appealability denied*, No. 19-2080, 2020 WL 1320642 (6th Cir. Feb. 7, 2020); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885

(E.D. Mich. 2005) ("[The *Souter* exception] does not apply here, because Petitioner pleaded guilty to the offense for which he was convicted."); *see also Turner v. Skipper*, No. 18-CV-12286, 2019 WL 3388486, at *4 (E.D. Mich. July 26, 2019) (following *Reeves*), *certificate of appealability denied sub nom. Turner v. Burton*, No. 19-1966, 2020 WL 901446 (6th Cir. Feb. 7, 2020); *Patton v. United States*, No. 1:00-CR-389, 2006 WL 1305086, at *6 (N.D. Ohio May 10, 2006) (following *Reeves*).

Even if *Souter* applies in guilty-plea cases, Peyton has not presented any new reliable evidence. Rather, he relies on two recent Supreme Court cases that he argues render him actually innocent of the Armed Career Criminal Act ("ACCA") enhancement. D.E. 71 at 15. However, "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, because Peyton has not produced any new reliable evidence concerning factual innocence, the actual-innocence tolling exception does not apply to his motion.

Peyton also argues that his motion is timely based on the "intervening change in law" found in *Wooden v. United States*, 142 S. Ct. 1063 (2022) and *Shular v. United States*, 140 S. Ct. 779 (2020). D.E. 71 at 15. The Court construes Peyton's argument to mean that 28 U.S.C. § 2255(f)(3) should apply to his motion. Subsection (f)(3) allows for the statute of limitations to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

First, Peyton asserts that his convictions underlying the ACCA enhancement were charged in a single indictment, and, thus, count as one single prior serious drug offense based on the Supreme Court's holding in *Wooden*. D.E. 71 at 6. In *Wooden*, the defendant "burglarized

4

ten units in a single storage facility" in the course of one evening. *Wooden*, 142 S. Ct. at 1067. The defendant pleaded guilty to ten counts of burglary. *Id.* Later, those convictions were utilized to apply the ACCA enhancement to his subsequent conviction for being a felon in possession of a firearm. *Id.* at 1067-68. However, the Supreme Court held that, because the they occurred on a single occasion, the ten burglary convictions only count as a one prior offense under the ACCA. *Id.* at 1074. Peyton argues that, because the three convictions underlying his own ACCA enhancement were charged in a single indictment, they only count as a single prior serious drug felony. D.E. 71 at 6. Peyton is mistaken. The decision in *Wooden* was based on the burglaries occurring on a single occasion, not because they were charged in a single indictment. *Wooden*, 142 S. Ct. at 1074. Conversely, the record clearly reflects that Peyton's drug trafficking convictions underlying the ACCA enhancement were for crimes that occurred on three separate dates (January 25, 2022, February 1, 2002, and February 20, 2002). D.E. 53 at 26; D.E. 58 at 14 (sentencing transcript). Accordingly, the holding in *Wooden* does not apply to Peyton's case, and, thus, does not toll the statute of limitations for filing his § 2255 motion.

Second, in *Shular*, the Supreme Court held that, when conducting a categorical approach in evaluating state drug convictions under the ACCA, the primary inquiry is whether the offense involved "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." *Shular*, 140 S. Ct. at 784 (quoting 18 U.S.C. § 924(e)(2)(A)(iii)). Assuming *arguendo* that *Shular* created a new right that is retroactively applicable, which Peyton has not asserted or otherwise provided support for, his motion is still time-barred. The Supreme Court issued the *Shular* opinion on February 26, 2020, while Peyton's direct appeal was still pending. *See* D.E. 64. As discussed, Peyton filed his § 2255 in March 2023, well beyond one year from the issuance of *Shular* and the date his judgment became final.

Peyton also relies on the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020), which held that the defendant's conviction for unlawfully possessing with the intent to deliver any substance containing cocaine did not qualify as a predicate felony drug offense to trigger the sentencing enhancement in 21 U.S.C. § 841(b)(1)(C). *Ruth*, 966 F.3d at 647. The Seventh Circuit reasoned that the Illinois statute defining cocaine was "categorically broader than the federal definition[,]" because it included positional isomers in addition to geometric and optical ones. *Id.* Peyton argues that his own conviction for trafficking cocaine is not a predicate serious drug offense under the ACCA because Kentucky's definition of cocaine includes positional isomers. D.E. 71 at 8. Contrary to Peyton's assertions, Kentucky law includes only optical and geometric isomers in its definition of "cocaine." Ky. Rev. Stat. §§ 218A.010 (7), (26). Thus, the definition in the Kentucky statute is not categorically broader than the federal definition based on *Ruth*. *See* 21 U.S.C. §§ 802(14), (17)(D). In any event, Peyton cannot calculate the statute of limitations from the date the Seventh Circuit issued the *Ruth* decision, because 28 U.S.C. § 2255(f)(3) only applies to Supreme Court decisions. And, even if *Ruth* did apply under subsection (f)(3), it was issued on July 20, 2020, nearly three years prior to Peyton's § 2255 motion. Despite Peyton's arguments to the contrary, his § 2255 motion is untimely.

Typically, before recommending dismissal on procedural grounds, the Court grants the petitioner an opportunity to respond to "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

6

In this case, Peyton already addressed the timeliness of his motion. D.E. 71 at 15. He will also have an opportunity to further address the timeliness issue by filing any appropriate objections to this Recommended Disposition. The Sixth Circuit in *Shelton* recognized that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

## Conclusion

The undersigned **RECOMMENDS** that Payton's § 2255 motion be **DISMISSED** upon initial review as untimely. "[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, the record shows Peyton was capable of making court filings during the limitations period. Yet his § 2255 motion was filed 434 days too late. The record therefore "conclusively show[s]" he is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the record shows Peyton was capable of filing a motion within the limitations period, but the motion was filed 434 days too late. That his motion is time-barred is not debatable.

Any objection to or argument against denial of the § 2255 motion must be asserted **before the District Judge** in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 16th day of May, 2023.

Signed By:
Hanly A. Ingram
United States Magistrate Judge