UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:18-cr-00006-GFVT-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CHESLEY PAUL PEYTON, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on Defendant Chesley Peyton's motion to vacate under 28 U.S.C. § 2255. [R. 68; R. 71.] Consistent with local practice, Judge Ingram reviewed the motion and ultimately recommends that the Court deny Mr. Peyton's § 2255 motion as untimely. [R. 72.] Mr. Peyton objects to Judge Ingram's findings on two grounds. For the following reasons, Mr. Peyton's objections will be **OVERRULED** and his motion will be **DENIED**.

After reviewing Mr. Peyton's petition, Judge Ingram recommends that the Court dismiss Mr. Peyton's petition as untimely and decline to issue a certificate of appealability. [R. 72 at 7-8.] A one-year period of limitations applies to habeas motions by federal prisoners. 28 U.S.C. § 2255(f). The period typically begins on the date that the prisoner's conviction becomes final. *Id.* at § 2255(f)(1). Because Mr. Peyton's conviction became final on January 11, 2021, his March 2023 petition was untimely. [R. 72 at 2;] *see also* Sup. Ct. R. 13.3.

However, the statute directs that the limitations period may begin on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mr. Peyton raised three cases that he believed recognized a

new right and allowed a fresh one-year limitations period. [R. 71 at 5-8 (citing *Wooden v. United States*, 142 S. Ct. 1063 (2022), *Shular v. United States*, 140 S. Ct. 779 (2020), and *United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020)).] Judge Ingram rejected these arguments. [R. 72 at 4-6.] Mr. Peyton now raises two objections to Judge Ingram's Recommendation, arguing that § 2255(f)(3) applies to *Wooden v. United States* and *United States v. Ruth*.[1] [R. 74 at 2-4.]

First, Mr. Peyton argues that he does not qualify as an Armed Career Criminal designation under *Wooden v. United States*. [R. 74 at 3.] Thus, he contends, this intervening change in the law allows for a new one-year limitations period. *Id.* The Armed Career Criminal Act mandates a 15-year minimum sentence for unlawful gun possession when the offender has three or more prior qualifying convictions "committed on occasions different from one another." 18 U. S. C. §924(e)(1). In *Wooden*, the Supreme Court held that multiple convictions for burglary should count as only one prior offense because the burglaries occurred on the same evening, in the same manner, and within the same building, although the burglaries were not "simultaneous." 142 S. Ct. at 1067.

Yet the Court noted that time or space alone can differentiate occasions; courts "nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Id.* at 1071. Here, Mr. Peyton's previous crimes occurred many days apart: January 25, 2002, February 1, 2002, and February 20, 2002. [R. 72 at 5.] Thus, although the crimes were charged in a single indictment, they do not constitute a single occasion. *Id.*; *Wooden*, 142 S. Ct. at 1074. Because *Wooden* does not apply to Mr. Peyton's

---

[1] Mr. Peyton also appears to argue that he is actually innocent of the armed career criminal enhancement, which justifies equitable tolling. [R. 74 at 4.] However, Mr. Peyton does not provide any evidence of factual innocence rather than legal insufficiency. *See Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005); [R. 72 at 3-4.] Moreover, the actual-innocence exception does not apply where the defendant pleaded guilty, as Mr. Peyton did. *See, e.g., Jones v. Brewer*, No. 19-13731, 2020 WL 1188881, at *4 (E.D. Mich. Mar. 12, 2020).

2

case, § 2255(f)(3) does not allow a new one-year limitations period and Mr. Peyton's petition is untimely.

Second, Mr. Peyton argues that his previous convictions relating to cocaine cannot qualify as a predicate felony to trigger the ACCA because Kentucky's definition of cocaine is broader than the federal definition. [R. 74 at 4;] *see United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020). Under federal law, cocaine includes "cocaine, its salts, optical and geometric isomers, and salts of isomers." 21 U.S.C. § 812 Schedule II (a)(4). Under Kentucky law, cocaine "means a substance containing any quantity of cocaine, its salts, optical and geometric isomers, and salts of isomers." Ky. Rev. Stat. § 218A.010(7). Mr. Peyton argues that Kentucky's definition is broader because it includes positional isomers. [R. 74 at 4.] Although Kentucky's definition allows the Cabinet for Health and Family Services to include positional isomers when classifying a substance, Mr. Peyton cites no evidence that it has. *See* Ky. Rev. Stat. § 218A.010(7). Nevertheless, Mr. Peyton cannot calculate the statute of limitations from the date the Seventh Circuit issued the Ruth decision, because 28 U.S.C. § 2255(f)(3) applies only to Supreme Court decisions. Therefore, § 2255(f)(3) does not apply and Mr. Peyton's petition is untimely under § 2255(f)(1).

Separately, Mr. Peyton filed a letter stating that documents he received show that he has served nearly 48 months, although he has "been locked up since June 2, 2018." [R. 73.] He asks the Court for guidance. However, the discrepancy appears to be a misunderstanding. Under 18 U.S.C. § 3585(a), a sentence starts when the defendant "is received in custody awaiting transportation to" the "official destination facility at which the sentence is to be served." So, Mr. Peyton's sentence officially commenced soon after he was sentenced in July 2019. [*See* R. 47.] Mr. Peyton may still receive credit for the time he spent in official detention before his sentence

started—like time spent in jail awaiting trial—but the law categorizes this period as a credit rather than time spent under his sentence. *See id.* at § 3585(b).

Therefore, Mr. Peyton's petition is untimely. Further, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Peyton's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Chesley Peyton's objections [**R. 74**] are **OVERRULED**;

2. Magistrate Judge Hanly Ingram's Recommended Disposition [**R. 72**] as to Mr. Peyton is **ADOPTED** by and for the Opinion of the Court;

3. Mr. Peyton's motion to vacate pursuant to § 2255 [**R. 68; R. 71**] is **DENIED**; and

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant.

This 13th day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge